# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TOSHMINGO H. IMES, ) | |
| ) | Civil Action No. 3:15-cv-0242 |
| Plaintiff, ) | |
| ) | United States District Judge |
| v. ) | Kim R. Gibson |
| ) | |
| TREVOR A. WINGARD, et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM ORDER

This case was commenced on September 21, 2105, and was referred to United States Magistrate Judge Cynthia Reed Eddy for pretrial proceedings in accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1), and the Local Rules of Court for Magistrate Judges. The magistrate judge initially denied Plaintiff's motion to proceed *in forma pauperis* for failure to include the appropriate financial documentation, but the motion was later granted upon Plaintiff's compliance with the statutory requirements. (ECF Nos. 1, 8, 9, and 11).

After the close of discovery, Defendants filed a motion for summary judgment in which they argue that (i) Plaintiff's due process claim fails because placement in the Security Threat Group Management Unit (STGMU) did not trigger a liberty interest and (ii) Plaintiff cannot show that he was subjected to a sufficiently serious deprivation required for an Eighth Amendment violation.

On February 21, 2007, Magistrate Judge Eddy filed a Report and Recommendation (ECF No. 81) recommending that Defendants' motion for summary judgment be granted. Plaintiff filed timely Objections to the Report and Recommendation (ECF No. 82). Since the

1

filling of the Report and Recommendation, Plaintiff has also filed a Motion to Appoint Counsel, with brief in support. (ECF No. 83 and 84).

Plaintiff's objections are articulate and well written; however, the Court finds that the objections do not undermine the recommendation of the Magistrate Judge. Despite Plaintiff's frustration and objections to be being placed in the STGMU, as the Report and Recommendation explained, neither his placement in the STGMU nor the conditions of confinement he experienced while in the STGMU violated the Constitution.

Plaintiff's request for appointment of counsel will be denied. Throughout this litigation, Plaintiff has submitted coherent, well written, and articulate pleadings, which have demonstrated his ability to handle the legal and factual issues in this case.

After *de novo* review of the pleadings and documents in the case, together with the Report and Recommendation, and the Objections thereto, the following order is entered:

**AND NOW**, this 18th day of April, 2017:

1. Defendants' motion for summary judgment (ECF NO. 68) is **GRANTED;**

2. Plaintiff's Motion for Appointment of Counsel (ECF No. 83) is **DENIED;** and

2. **IT IS FURTHER ORDERED** that the Report and Recommendation (ECF No. 81) dated February 21, 2017, is **ADOPTED** as the Opinion of the Court.

**IT IS FURTHER ORDERED** that the Clerk of Court mark this case **CLOSED.**

**AND IT IS FURTHER ORDERED** that pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure, Plaintiff has thirty (30) days to file a notice of appeal as provided by Rule 3 of the Federal Rules of Appellate Procedure.

_____
Kim R. Gibson
United States District Judge

cc: TOSHMINGO H. IMES
275 Green Street
Apt 5-D7
Beverly, NJ 08010
(via U.S. First Class Mail)

Mary Lynch Friedline
Office of Attorney General
(via ECF electronic notification)